UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CESAR SEVILLA ACOSTA,<br><br>   Petitioner,<br><br>v.<br><br>SCOTT FISHER, Warden,<br><br>   Respondent. | CIVIL NO. 13-CV-1510 (MJD/TNL)<br><br><br>**REPORT<br>&<br>RECOMMENDATION** |

Cesar Sevilla Acosta, 16503-041, FCI-Sandstone, PO Box 1000, Sandstone, MN 55072, *pro se* Petitioner; and

Pamela Marentette, **United States Attorney's Office**, 300 S. 4th Street, Ste. 600, Minneapolis, MN 55415, for Respondent.

**I. INTRODUCTION**

This matter is before the Court, Magistrate Judge Tony N. Leung, on a petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (ECF No. 1).  The action has been referred to the undersigned magistrate judge for report and recommendation to the Honorable Michael J. Davis, Chief Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). For the reasons set forth below, this Court **RECOMMENDS** as follows:  the Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**, and this action be **DISMISSED WITH PREJUDICE.**

1

## II. BACKGROUND

Petitioner is a federal prisoner currently confined at FCI-Sandstone. (Groteboer Decl. ¶ 3, Att. A, ECF No. 7.) He was tried and found guilty of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (*Id.*) Petitioner's presentencing report calculated the minimum term of imprisonment for his offense to be 10 years and the maximum term to be life in prison. (*Id.* ¶ 4.) After incorporating Petitioner's total offense level and criminal history, the guideline range for imprisonment was 151-188 months. (*Id.*)

On April 16, 2013, the Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota, held a sentencing hearing for Petitioner. *United States v. Sevilla-Acosta*, No. 10-cr-230 (PJS/FLN), ECF No. 933 (D. Minn. April 16, 2013). In determining the sentence, Judge Schiltz explicitly considered the factors set forth in 18 U.S.C. § 3553(a), "including the nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* at 13. Judge Schiltz stated as follows:

> I further find that the sentence I have imposed is necessary to avoid unfair disparities between [Petitioner's] sentence and the sentences of his co-defendants and to avoid unwarranted disparities between [Petitioner's] sentence and the sentences of defendants with similar records who have been found guilty of similar conduct.
>
> In particular as to the sentence of imprisonment, I have sentenced [Petitioner] to 135 months in prison. This is below the bottom of the range recommended by the Sentencing Guidelines, but it is nevertheless a long sentence. I believe that a long sentence is warranted in this case for at least a couple of reasons.
>
> First [Petitioner] committed a very serious crime. He was an important part of a massive drug conspiracy that brought thousands of pounds of marijuana to Minnesota. The evidence at trial

established that [Petitioner] serve the conspiracy in a number of ways, including by selling marijuana himself. A long sentence is necessary to reflect the seriousness of [Petitioner's] crime, to provide just punishment for that crime, and to deter others from committing such serious drug crimes in the future.

Second, as I've already discussed, [Petitioner] has a long and troubling criminal record, and he committed this crime while he was on probation for a previous conviction, all of which evidences a deep-seated lack of respect for the law. [Petitioner] has also taken no responsibility whatsoever for his crime, even though the evidence against him at trial was overwhelming. A long sentence is thus necessary to deter [Petitioner] from committing crimes in the future and to protect the public from him.

That said, I believe that a somewhat modest downward variance is nevertheless warranted in order to avoid unfair disparities between [Petitioner's] sentence and the sentences of his co-defendants. [Petitioner] is the last of what I believe are 33 defendants that I have sentenced in connection with this drug conspiracy. [Petitioner's] sentence is the longest of all the defendants, even defendants who played a much greater role in the conspiracy. [Petitioner] deserves to have the longest sentence. He is the only one of the 33 defendants who did not plead guilty and accept responsibility for his crime. He also did not receive safety-valve relief as did some of his co-defendants. He also played a more important role in the conspiracy than most of his co-defendants. And his criminal-history category was higher than most of his co-defendants. More importantly, many of the co-defendants who played more important roles in the conspiracy received significant sentence reductions because they provided substantial assistance to the government. [Petitioner] has provided no such assistance.

Even though [Petitioner] deserves to receive the longest sentence of those convicted in connection with this conspiracy, I must nevertheless take care to avoid unwarranted disparities between [Petitioner's] sentence and the sentences of his co-defendants. Even after accounting for the factors that I have discussed, I believe that a sentence greater than 135 months would create such disparities.

*Id.* at 14-17.

Following an unsuccessful appeal to the Eighth Circuit Court of Appeals, Petitioner filed the instant request for habeas corpus relief under 28 U.S.C. § 2241, asserting (1) the BOP should be required to investigate and grant his request for a motion for reduction in sentencing ("RIS"), and (2) his sentence violates his equal protection rights in light of the shorter sentences his co-defendants received. (ECF No. 1.)

## III.  ANALYSIS

The basic purpose of habeas corpus is to allow a prisoner to attack the legality of his detention. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[C]hallenges brought by federal prisoners that implicate the fact or duration of confinement but do not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241." *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (quoting *Walker v. O'Brien*, 216 F.3d 626, 632-33 (7th Cir. 2000)).

### A. This Court Lacks Jurisdiction to Review the BOP's Decision

Petitioner argues that the BOP failed to consider properly his request that the BOP file a motion requesting that he receive an RIS pursuant to 18 U.S.C. § 3582(c)(1). In *Gutierrez v. Anderson*, the petitioner challenged "not the duration of his sentence in a particular facility but rather the Warden's decision not to pursue compassionate release on his behalf." No. 06-1714 (JRT/JSM), 2006 WL 3086892, at *2 (D. Minn. Oct. 30, 2006). The *Gutierrez* court determined that despite being a "relatively close issue," § 2241 did not confer jurisdiction over the petitioner's claim. *Id.* (citing *Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass. 2005)).

4

This Court agrees. A district court has the authority to modify a valid sentence only where such authority is conferred by federal statute. *See, e.g.*, *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir. 1994). Under § 3582(c), "the court may not modify a term of imprisonment once it has been imposed" unless (1) the BOP moves for a reduction in the term of imprisonment, (2) Fed. R. Crim. P. 35 permits modification of the sentence due to clear error or substantial assistance, or (3) the defendant was sentenced based on a range that the Sentencing Commission subsequently lowered.

None of the three statutory exceptions apply in the instant case. Petitioner has alleged no facts relating to either the second or third exception. The only exception that the petition could arguably invoke to modify Petitioner's sentence is the first. But, the very purpose of the petition is to request that the BOP make such a motion. It is well-established, however, that the BOP's decision whether to file a motion for compassionate release is not judicially reviewable. *Solliday v. Director of Bureau of Prisons*, Civil No. 11-2350 (MJD/JJG), 2012 WL 3839340, at *9 (D. Minn. July 27, 2012) (citing, *inter alia*, *Crowe v. United States*, 430 Fed. App'x 484, 485 (6th Cir. 2011); *United States v. Biwer*, No. 05-CR-319 (JMR), 2008 WL 170006, at *1 n.2 (D. Minn. Jan. 16, 2008); *Gutierrez*, 2006 WL 3086892, at *2, 4; *Pinkley v. Anderson*, Civ. No. 06-2461 (PAM/JJG), 2006 WL 2671074, at *1 (D. Minn. Sept. 18, 2006)). Due to the

discretionary nature of the compassionate release provision, this Court determines that it lacks jurisdiction under § 2241 to review the BOP's decision.[1]

## B. Petitioner Fails to State an Equal Protection Claim

Petitioner also asserts that the sentencing disparity between his sentence and those of his co-conspirators violates his equal protection rights. In order to state an equal protection claim, a prisoner must show that: (1) "he is treated differently than a similarly situated class of inmates," (2) "the different treatment burdens one of his fundamental rights," and (3) "the different treatment bears no rational relation to any legitimate penal interest." *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). A criminal sentence will violate the Equal Protection Clause "only if it reflects disparate treatment of similarly situated defendants lacking any rational basis." *United States v. Pierce*, 409 F.3d 228, 234 (4th Cir. 2005). "Dissimilar treatment of dissimilarly situated persons," on the other hand, "does not violate equal protection." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994, *cert. denied*, 513 U.S. 1185 (1995).

Petitioner's equal protection argument is little more than a wholly conclusory allegation that his sentence violates his equal protection rights. Even though this Court liberally construes *pro se* pleadings, wholly conclusory allegations are insufficient to

---

[1] Even if this Court were to review the BOP's decision, the BOP only files a motion for a RIS under the compassionate release provision "in particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing." 28 C.F.R. § 571.60. The reason for the motion that Petitioner raises—mainly that the disparity between his sentence and the sentences of his co-defendants—not only could have been reasonably foreseen by the court at the time of sentencing, but was explicitly referenced by Judge Schiltz as the basis for Petitioner's ultimate sentence being a downward departure from the bottom of the range recommended by the sentencing guidelines. Because the disparity not only could have but *was* reasonably foreseen, Petitioner's case does not appear to fit the purpose of the compassionate release provision.

state an equal protection claim. *See Davis v. Hall*, 992 F.3d 151, 152 (8th Cir. 1993) (conclusory statements insufficient to state a § 1983 claim).

Moreover, to the extent that Petitioner asserts an equal protection claim, the Court determines that the claim is meritless. Petitioner's claim rests on the incorrect presumption that he is similarly situated to his co-defendants, and the fact that they received shorter sentences than he did violates his equal protection rights. "It is well-settled," however, "that co-defendants and co-conspirators may be sentenced differently for their commission of the same offense." *United States v. Avalos*, 462 Fed. App'x 378, 381 (4th Cir. 2012). The fact that Petitioner's co-defendants and co-conspirators received shorter prison sentences is not a sufficient basis from which to find an equal protection violation. Indeed, Petitioner was the only defendant in a 33 defendant case not to accept responsibility for his actions or provide substantial assistance to the government. These facts, in addition to a number of other factors, were explicitly noted by Judge Schiltz and considered in his sentencing determination. It is worth noting that the sentence Judge Schiltz ultimately imposed was 16 months *below* the range provided by the sentencing guidelines.

Petitioner has failed to demonstrate that either the length of his sentence or Respondent's failure to move for a RIS violates a fundamental right, or that he was treated differently than similarly situated inmates. Accordingly, his equal protection claim must be dismissed, and his petition for habeas corpus must be denied.

7

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1) be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.

Date: June 10, 2014                          s/ Tony N. Leung
                                             Tony N. Leung
                                             United States Magistrate Judge
                                             District of Minnesota

                                             *Acosta v. Fisher*
                                             File No. 13-cv-1510 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court by **June 25, 2014**.